UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YALFRISON ENRIQUE DURAN-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.:  26-cv-2507-CAB-DEB<br><br>**ORDER DENYING A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Petitioner Yalfrison Enrique Duran-Rodriguez has filed a petition for a writ of habeas corpus pursuant to 8 U.S.C. § 2241. [Doc. No. 1 ("Petition"). This is Petitioner's second Petition. In his first, [Case No. 3:25-cv-3096-CAB-DEB], the Court ordered a bond hearing after "Respondents acknowledge[d] that Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," [*Id.* at Doc. Nos. 10, 11.]  Petitioner received a bond hearing under § 1226(a) on January 5, 2026.  [*Id.* at Doc. No. 12.]

It is unclear to the Court, then, why Petitioner has filed a second Petition premised almost entirely on the assertion that Petitioner has *not* received a bond hearing and has been erroneously classified as subject to § 1225 instead of § 1226. [*E.g.*, Petition at 28 (claiming that Respondents have "fail[ed] to afford Petitioner any fair opportunity for a custody redetermination under 8 U.S.C. § 1226(a)"), 32 (arguing for due process claim that the

"risk of error is underscored by the current posture of his case. Without a bond hearing or a meaningful opportunity to contest his detention"). Petitioner *has* received an individualized bond hearing pursuant to § 1226(a). And to the extent this Petition challenges the resulting decision from that hearing, Petitioner must appeal to the Board of Immigration Appeals "before asking the federal district court to review the [immigration judge]'s decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

The Court therefore **DENIES** the Petition. The Court additionally reminds Petitioner's counsel of his Rule 11 duty to ensure that in any pleading he files with the Court, the asserted facts[1] have or will have evidentiary support and that any legal arguments "are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11 (b)(2)–(3).

The Clerk of the Court shall close the case.

It is **SO ORDERED.**

Dated: May 21, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court also notes the Petition contains multiple inconsistencies, including repeated references to other petitioners. [*E.g.*, Doc. No. 1 at 26 (discussing "Mr. Portillo"), 33 ("[S]he has no criminal history and is not a flight risk.").]

2

26-cv-2507-CAB-DEB